15212

DICKINSON v. PEEPLES ET AL.

(13 S. E. (2d), 124)

Order of Judge Johnson follows:

In making this order, to clearly present the situation, the facts and the law upon which it is based, it will be necessary to outline and repeat certain portions of prior orders issued by me herein.

It appears from the record and the testimony herein that Homer .H. Peeples died on May 3, 1930, leaving of force his last will and testament which was duly admitted to probate in the office of the Judge of Probate for Hampton County. This will appointed Thomas R. Peeples, Walter C. Peeples and Thornwell K. Peeples as executors and all three

qualified but Thomas R. Peeples and Walter C. Peeples were and have been the executors actively in charge of the estate of Homer H. Peeples. His devisees and legatees under the will were his eight children, all living at the time and consisted of the seven Peeples named and a daughter, Mrs. Nettie P. Dickinson. They were to share equally in his property. Later, Mrs. Nettie P. Dickinson, his daughter, died and left as her sole heirs-at-law her husband, H. E. Dickinson, and two children, Eugene M. Dickinson and H. G. Dickinson. Throughout the proceeding, George Warren, Esq., represented the three Dickinsons and Perry Brannen, Esq., and Hugh O. Hanna, Esq., represented the six other Peeples heirs, and the seventh, Thornwell K. Peeples, who is an attorney, represented himself, together with J. W. Manuel, Esq., of the Hampton Bar, and now, F. M. Oliver, Esq., of the Savannah Bar.

This action was commenced by the plaintiff above named on June 28, 1939, and the *lis pendens* in the action was filed with the Clerk of Court on the same date. Among other things, the action was primarily to require the executors to make a full and complete accounting of their acts and doings, to make disbursement of the money and property of said estate, and for partition in kind or a sale for division of the Homer H. Peeples fourteen hundred (1,400) acre tract of land situated in Hampton County. The record shows that all defendants were properly served. The action was also for the appointment of a Receiver for said estate returnable before me on July 6, 1939.

On said date, George Warren, Esq., appeared for plaintiff, Eugene M. Dickinson, and for the defendants, H. E. Dickinson and H. G. Dickinson. Thornwell K. Peeples appeared in person for himself and also J. W. Manuel, Esq., appeared for him. Messrs. Perry Brannen and Hugh O. Hanna appeared for the remaining six defendants and also for Thomas R. Peeples and Walter C. Peeples as executors. Also the defendant, Thornwell K. Peeples, filed his reply

and answer to the complaint and cross-bill of the defendant, H. E. Dickinson.

At said hearing, Thomas R. Peeples and Walter C. Peeples, the two active executors, stated that they would be glad to make a full, complete and true accounting and offered to have an audit made by a public accountant and filed in the case.

In the order signed by me on July 21, 1939, a Receiver was denied and said two executors ordered within thirty days from the date of the order to make a full and complete accounting of their acts and doings as executors aforesaid and to file a copy of said return and accounting with the Clerk of this Court and a copy thereof with the plaintiff or his attorney.

Within the time provided, the firm of Eaton, Saussy & Company, public accountants, made up an audit dated August 18, 1939, which covered the period from May 3, 1930, to July 31, 1939. This audit was filed with the Clerk of Court in due time and Mr. Hanna stated before me on the hearing on May 8th, that he delivered a copy of said audit to J. W. Manuel, Esq., and that J. W. Manuel, Esq., had stated to him that he in turn made a copy and delivered same to Thornwell K. Peeples, which was a long time prior to the reference held in this matter. The return of Thornwell K. Peeples filed on May 8, 1940, shows that he had a copy of this audit and there was no denial by him that it was furnished to him, through his attorney, J. W. Manuel, Esq., a long time prior to the reference held in this matter.

The record next discloses that a notice was issued by Messrs. Brannen and Hanna, for the six defendants represented by them and as attorneys for the two executors, directed to George Warren, Esq., attorney for the three Dickinsons, and directed to the defendant, Thornwell K. Peeples, giving notice that they would apply before me at eleven o'clock A. M., on December 19, 1939, at Allendale, South Carolina, and would at said hearing offer testimony to show that the lands could not be partitioned in kind and would

apply for an order for an immediate sale of the fourteen hundred (1,400) acre, more or less, home tract of land of Homer H. Peeples and division of the proceeds according to the rights of the parties. Said notice set out in detail the terms and conditions of the order for sale of the property, etc., that would be applied for, and further provided,

"You will please take further notice: that an order of reference as to all other issues pending and involved in this action will be applied for and that a motion will be made that B. T. DeLoach, Clerk of this Court, or some other suitable person, be appointed as Special Master to take all testimony, pass upon said matters of law and fact and report the same back to this Court at an early date."

A notice was issued at the same time directed to all parties plaintiff and defendants, that Hugh O. Hanna, as attorney for certain judgment creditors, would apply at the same time to have said three judgment creditors of the defendant, Thornwell K. Peeples, made parties to this action to the end that these three judgments against Thornwell K. Peeples and the lien of said judgments as against the interests of Thornwell K. Peeples in the real estate be determined, passed upon and adjudicated in this action. George Warren, Esq., attorney for the three Dickinsons, made answer and return to said notice, consenting that the order of reference be made and consenting that an order be issued providing for sale of the tract of land and division of the proceeds among the parties according to their rights, provided the order provide that the tract of land be sold for not less than Ten Thousand ($10,000.00) Dollars.

The record shows that both of these notices with reference to having three judgment creditors of the defendant, Thornwell K. Peeples, made parties to the action and the notice of application for order of sale of the tract of land and for the appointment of a special Master and reference as to all other issues was served upon the defendant, Thornwell K. Peeples, at his residence at 210 E. Gaston Street,

Third Apartment, in the City of Savannah, Georgia, on the 7th day of December, 1939.

The record shows that the defendant, Thornwell K. Peeples, was properly served and these records were before me in the hearing on May 8, 1940, and Thornwell K. Peeples was present and no denial or contention was made by him that he was served with this notice and I find and hold from the record that he was properly served with said two notices.

Pursuant to said two notices, the matter came before me at eleven A. M., at Allendale, S. C., on December 12, 1939. On said date I issued a lengthy order, reciting all happenings and events until this date and reciting that the defendant, Thornwell K. Peeples, did not appear at said hearing and the hearing was held up by me from eleven A. M., until eleven-thirty A. M., and that at twelve M. the defendant, Thornwell K. Peeples, had not appeared or filed any pleadings to the notice. Affidavit of Hugh O. Hanna, Esq., is in the file showing that he was in default thereto. This order issued by me on December 12, 1939, authorized B. T. DeLoach, Clerk of Court, to make proper sale of the home tract of land, after due advertisement, etc., on first Monday in January, 1940, and that the tract of land be sold for not less than the sum of Ten Thousand ($10,000.00) Dollars. This further,

"Ordered, adjudged and decreed, that all other questions involved and arising in this action be and same hereby are referred to B. T. DeLoach, Clerk of Court, as special Master, to pass upon the same, to take testimony and report the same to this Court with his findings of fact and conclusions of law, together with any special matter."

That said order further specifically set eleven o'clock A. M., December 21, 1939, at the Court House at Hampton, S. C., as the date for said reference as special Master, had been filed and that my order dated January 6, 1940, was filed in this cause with the Clerk of Court on January 10, 1940, and notice that a copy of my said order of January 6, 1940, was attached to the notice. The file shows that this

notice, together with a copy of my order of January 6, 1940, was properly served upon the defendant, Thornwell K. Peeples, on January 11, 1940. The file, the record and the testimony of Hugh O. Hanna, Esq., made in the presence of Thornwell K. Peeples at the hearing on May 8, 1940, shows that the defendant, Thornwell K. Peeples, either in person or by his attorney, had never filed any objection or exceptions to said order and report of the special Master, either within the ten days' period provided by law or at any other time and that no appeal therefrom has been noticed or served by him, either of intention to appeal or any appeal. The record, the report and the confirmation of sale shows that the real estate was properly sold on first Monday in January, 1940, and that the six defendants represented by Messrs. Hanna and Brannen were the highest bidders at said sale for the sum of Ten Thousand ($10,000.00) Dollars and this was duly paid into Court by them and deed made to them.

The record shows that on or about March 5, 1940, Walter C. Peeples and Thomas R. Peeples, said two executors, filed with the Clerk of Court in this cause a supplementary return and statement of income and disbursements as executors of the Homer H. Peeples' estate from the date of the audit to the date of the return, which was filed as a final accounting. A notice directed to George Warren, Esq., attorney for the three Dickinsons, and to the defendant, Thornwell K. Peeples, was given stating that this final return had been filed, and copy of same was attached to the notice, with further notice that application would be made before me at Allendale, S. C., at ten A. M., on March 16, 1940, for an order approving said accounting in full and for an order of full and complete discharge. The return of the defendant, Thornwell K. Peeples, before me on May 8, 1940, shows that he received copy of this notice and copy of the statement on March 13, 1940. Before March 16, 1940, Thornwell K. Peeples interviewed me in person and stated that he wanted to be present at said hearing or desired to file return and ob-

jections. J. W. Manuel, Esq., as attorney for the defendant, Thornwell K. Peeples, requested that the hearing be postponed from ten A. M., on March 16, 1940, to eleven A. M., which request was granted, and at the hearing J. W. Manuel, Esq., and F. M. Oliver, Esq., of Savannah, Georgia, appeared for the defendant, Thornwell K. Peeples. Due to conflicting engagements and illness of my family, it was not possible for me to hold the hearing and it was postponed until some later date at which time I could hear the same or for the matter to be taken up on Circuit before the then presiding Judge. Later, by consent of F. M. Oliver, Esq., attorney for the defendant, Thornwell K. Peeples, and of Messrs. Hanna and Brannen, attorneys for the two executors, a hearing was set before me for three P. M., May 8, 1940, at Allendale, S. C. Messrs. Hanna and Brannen and Mr. Thomas R. Peeples, Mr. Oliver and Thornwell K. Peeples were present at said hearing on May 8, 1940, and Thornwell K. Peeples filed a return and objections, copy of which was not left with Mr. Hanna until 10.30 A. M., on May 8, 1940.

After reading the return and objections of the defendant, Thornwell K. Peeples, Mr. Hanna first stated that his position was that any of the matters with reference to the accounting that was made prior to August 18, 1939, the date of the audit, was *res adjudicata* and could not now properly be raised or considered and that any matters covered in the final and supplementary return could be considered or passed upon at the time of the hearing and further orally stated that the position of the executors was that all matters had been properly accounted for and that the several matters referred to by Thornwell K. Peeples during the period covered in the audit had been fully gone into at the reference and the books produced showing proper accounting for these several matters, including, by way of specific reference, for illustration, the pension item of One Hundred Thirty-three ($133.00) Dollars. During the hearing before me the original books of accounting were produced showing the credit

and entry of this item. Mr. Hanna stated that as this return by the defendant, Thornwell K. Peeples, was not served upon him until 10:30 A. M., on May 8, 1940, and as his clients live in Savannah and he did not get to see them until the time of the hearing, that it was not possible to file this by way of written reply and his position was stated orally and denial made as to the correctness of the several items referred to in the return of the defendant, Thornwell K. Peeples, with reference to the purported letter of Mr. Thomas R. Peeples, Exhibit "A", the difference in figures therein stated as against the figures in the audit it was further orally stated that letter and the figures, or some of them, given there included an account between Thornwell K. Peeples and the Homer H. Peeples estate and Peeples Hardware Company, Inc. (The original of this letter was not attached as the exhibit but only a typewritten copy). This letter, Exhibit "A", stated Thornwell K. Peeples had drawn Thirty-nine Thousand and Six Hundred Seventy-five and 03/100 ($39,675.03) Dollars and it was pointed out that this included the indebtedness and advances to Thornwell K. Peeples by both the estate and the Peeples Hardware Company, Inc., and it was further pointed out that this letter had reference to other items than estate items and constituted a duplication of entries. It was further pointed out by Mr. Hanna that the alleged letter of Thomas R. Peeples of March 9, 1939, showed total receipts of Eighty-seven Thousand Three Hundred Seven and 24/100 ($87,307.24) Dollars and total disbursements of Sixteen Thousand Six Hundred Ninety-two and 23/100 ($16,692.23) Dollars, leaving on hand for disbursement Sixty-seven Thousand Six Hundred Fifteen and 01/100 ($67,615.01) Dollars. The audit, Exhibit "B", covered the period to July 31, 1939, and shows total receipts of Seventy-nine Thousand, Nine Hundred and Seventy-two and 24/100 ($79,972.24) Dollars, and disbursements and charges of Twelve Thousand Four Hundred Forty-two and 23/100 ($12,442.23) Dollars, leaving for disbursement Sixty-seven Thousand Five Hundred

Thirty and 01/100 ($67,530.01) Dollars. Even considering the figures in his letter and the audit for disbursement to the heirs, there is only a difference of Eighty-five ($85.00) Dollars. This letter, or memorandum, so far as the record shows was in the hands of the defendant, Thornwell K. Peeples, a long time prior to the reference held in this matter as was also a copy of the audit by the public accountants and was a matter well within his knowledge and one of the main purposes of the reference was for an accounting, examination of the books, etc., and was a matter covered during the period covered in the audit.

The records show that Peeples Hardware Company is a corporation of Savannah, Georgia, and that Thomas R. Peeples is secretary and treasurer, and that Walter C. Peeples, the other executor, is an officer and director thereof, and that Homer H. Peeples had left to each of his eight children an equal number of shares of stock in said corporation, to wit: one hundred twenty (120) shares each and that Peeples Hardware Company, Inc., acted as depository of all estate funds and that the accounts of the executors of the estate were kept with or in the corporation books. The record further shows that Homer H. Peeples kept no bank account but that Peeples Hardware Company acted as his depository or bank and the audit and return of the executors shows that at his death, among the assets accounted for by them, was the sum of Twenty-three Thousand ($23,000.00) Dollars on deposit with said corporation. The attorney for the defendant, Thornwell K. Peeples, stressed that the books of the corporation were furnished and not the books of the executors for the audit to be made. The record shows that the books of the corporation contained and reflected the accounting of Thomas R. Peeples and Walter C. Peeples, active executors of the estate.

As pointed out above, the defendant, Thornwell K. Peeples, was in default when the order for sale of the home place was taken, and when the order refer-

ring the matter was taken, which order also gave the date and place of the reference to be held. 'The record shows that he was properly served with a copy of this order. Although he did not appear at the reference and was in default as to it, the record shows that the attorneys for the executors had a notice of the filing of the report of the special Master and of my order confirming same and a copy of my order was duly served upon the said defendant and that there has been no appeal taken therefrom. I, therefore, hold that for all matters of accounting involved in the period covered in the audit and all questions of accounting that could have been raised by the defendant, Thornwell K. Peeples, up to and at the time of the reference are now *res adjudicata* and that the defendant by his own action and conduct has shut the door to further consideration thereof. I held at the time of the hearing on May 8, 1940, and now hold that this Court could, of course, correct, modify or change said order or orders as to any actual errors or mistakes appearing from the record. I do not find such to be the case here. My order of January 6, 1940, adopted the report of the special Master and specifically held that, for the period covered in the audit, the two active executors had made a full, true and proper accounting. Copy of this order was duly served upon the defendant, Thornwell K. Peeples, though at the time he was in default. He had full and ample notice of the matters involved and full and ample opportunity under the procedure in our State fully to protect all of his rights. These matters stand adjudicated and nothing has been made to appear at the hearing from the record that my prior orders should in any respect be changed.

This brings us then to the supplementary or final return as the only matter properly before the Court at the time of the hearing. This covers three items of income, the sale of the home place, the sale of the personal property of Homer H. Peeples and rentals for the year 1939. While this final return as a matter of bookkeeping has included all income and disbursements, the record as a matter of fact shows that,

after deduction of costs and attorneys' fees in the action for sale of the lands that the one-eighth net share of the defendant, Thornwell K. Peeples, was in fact paid by B. T. DeLoach, Clerk of Court to Hugh O. Hanna, Esq., as attorney for the three judgment creditors of Thornwell K. Peeples, pursuant to and under orders above referred to issued by me in this matter. As to the personal property, from statements made by Mr. Hanna before me, under levy of these judgments, the one-eighth share of Thornwell K. Peeples in and to the proceeds of sale of the personal property was paid to him as attorney for said three judgment creditors. To simplify the matter, this then leaves the executors to account for the additional income by way of rentals, less disbursements. The disbursements exceed the rentals by reason of the fact that during this period of time the inheritance tax of the State of South Carolina in excess of the sum of Sixteen Hundred ($1,600.00) Dollars, the Federal estate tax and State and county taxes, etc., were paid. The total disbursements for the period covered, including a retainer fee to Hugh O. Hanna, Esq., of Two Hundred Fifty ($250.00) Dollars, totaled Two Thousand Seven Hundred Ninety-seven and 27/100 ($2,797.27) Dollars, and 1939 rentals came to Nine Hundred Sixty-seven and 45/100 ($967.45) Dollars, leaving disbursements over income for this final period of One Thousand Eight Hundred Twenty-nine and 82/100 ($1,829.82) Dollars. The one-eighth share of the defendant, Thornwell K. Peeples, was the sum of Two Hundred Twenty-eight and 77/100 ($228.77) Dollars. The first return or period covered in the audit shows due him Four Thousand Nine Hundred Forty-two and 47/100 ($4,942.47) Dollars. The final return shows due him Four Thousand Seven Hundred Thirteen and 70/100 ($4,713.70) Dollars, which is the amount from the first return, less two Two Hundred Twenty-eight and 77/100 ($228.77) Dollars and is the portion due on the disbursements referred to above.

The defendant, Thornwell K. Peeples, by his return alleges that Nine Hundred Sixty-seven and 45/100 ($967.45) Dollars, 1939 rentals, was under what a fair rental should have been and produced some testimony that a fair rental would have been from twelve hundred ($1,200.00) Dollars to Fourteen Hundred ($1,400.00) Dollars. Under the testimony presented, I found and held at the hearing on May 8, 1940, that the said two active executors should be charged with additional rental of Four Hundred ($400.00) Dollars, of which the defendant, Thornwell K. Peeples, would be entitled to Fifty ($50.00) Dollars. With this exception, I, therefore, find and hold from the record and from the testimony that, with the exception of the fifty dollars additional rental, the final accounting represents a full, true, just and fair accounting in full by said two active executors. Under this finding, the amount now due by said two executors to the defendant, Thornwell K. Peeples, would be increased from Four Thousand Seven Hundred Thirteen and 70/100 ($4,713.70) Dollars to Four Thousand Seven Hundred Sixty-three and 70/100 ($4,763.70) Dollars. This increase of rentals does not involve any other party to this action as they have filed a return and consent that the order of full accounting and for discharge be made and have each separately filed in the record herein a receipt in full. The sworn return of the executors and final accounting reports that the interest of Thornwell K. Peeples and funds in the hands of said two executors due to Thornwell K. Peeples has been subjected to the jurisdiction of the City Court of Savannah, Georgia, through service of summons and garnishment directed to said executors in a suit pending in said Court in Savannah, Georgia. I, therefore, find and hold that a full, true and correct accounting has been made by Thomas R. Peeples and Walter C. Peeples, as active executors of the last will and testament of Homer H. Peeples and that the balance in the hands of them as executors of said estate now due to the defendant, Thornwell K. Peeples, is the sum of Four Thousand Seven Hundred Sixty-three and

70/100 ($4,763.70) Dollars, and that these funds through the attachment in the City Court of Savannah, Georgia, are in the jurisdiction of that Court and to be disbursed and accounted for by said two executors subject to the orders of that Court. It is, therefore,

Ordered, adjudged and decreed, that Thomas R. Peeples and Walter C. Peeples, as executors of the last will and testament of Homer H. Peeples, be and they hereby are discharged as said executors and their bond is hereby exonerated and cancelled. Further

Ordered, that a certified copy of this order be filed in the office of the Judge of Probate for Hampton County, South Carolina, and that a copy be served upon F. M. Oliver, Esq., attorney for the defendant, Thornwell K. Peeples.

*Mr. F. M. Oliver,* for appellant,

*Messrs. Hugh O. Hanna* and *Perry Brannen,* for respondents,

February 7, 1941.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BONHAM.

This is an action the primary purpose of which was to require the executors of the will of Homer H. Peeples to make an accounting of their acts and doings, to make disbursements of the money and other property of the estate, and for the appointment of a Receiver. A rule was issued to show cause why a Receiver should not be appointed. The return to the rule was heard by Honorable J. Henry Johnson, Judge of the Fourteenth Circuit, who made an order dated July 21, 1939, by which he refused to appoint a Receiver, but directed the executors to make a full and complete re-

turn of their acts and doings as such executors. They, within thirty days thereafter, filed an accounting covering the period from May 2, 1930 (which was the day of the death of Homer H. Peeples), to the 31st day of July, 1939. December 12, 1939, Judge Johnson filed an order making Ethel Blandford, B. H. Levy Bro. & Company and Security Lumber Company, judgment creditors of Thornwell Peeples, parties to the action, and directing that certain real estate of Homer H. Peeples be sold.

The order further provided that all other questions involved in the action be referred to the Clerk of Court of Hampton County, as special Master. The special Master filed his report January 8, 1940. March 9, 1940, the executors filed a supplementary report, May 13, 1940, Judge Johnson issued a final order in the matter which contains such a full and clear statement of the history of the case and the litigation that we need not set out the proceedings which preceded this final order. Let it be reported.

It is from this order that the appeal comes to this Court, upon exceptions made by Thornwell K. Peeples. They are six in number and are treated by his counsel, in his brief, as making seven questions.

We are satisfied with the decree of the Circuit Judge, except in one particular: His Honor ordered that the executors be discharged. It is stated in the order appealed from: " * * * The sworn return of the Executors and final accounting reports that the interest of Thornwell K. Peeples and funds in the hands of said two Executors due to Thornwell K. Peeples has been subjected to the jurisdiction of the City Court of Savannah, Georgia, through service of summons and garnishment directed to said Executors in a suit pending in said Court in Savannah, Georgia. I, therefore, find and hold that a full, true and correct accounting has been made by Thomas R. Peeples and Walter C. Peeples, as active Executors of the last Will and Testament of Homer H. Peeples and that the balance in the hands of them as Executors of said Estate now due to the defend-

ant, Thornwell K. Peeples, is the sum of Four Thousand Seven Hundred Sixty-three and 70/100 ($4,763.70) Dollars, and that those funds through the attachment in the City Court of Savannah, Georgia, are in the jurisdiction of that Court and to be disbursed and accounted for said two Executors subject to the orders of that Court. * * *."

It is apparent that until this matter now in the jurisdiction of the City Court of Savannah, Georgia, is finally disposed of, it cannot be said that the estate has been finally settled by the executors. The action of that Court might entail further action on their part. It was, therefore, error to give them a final discharge.

For that reason, and that only, the order appealed from is modified; but as it affects all other matters passed on by it, it is affirmed.

MESSRS. JUSTICES CARTER, BAKER and FISHBURNE and MR. ACTING ASSOCIATE JUSTICE G. B. GREENE concur.